**DOROTHY K. GOODMAN, Plaintiff**

v.

**MARVIN R. GOODMAN, Defendant**

Civil No. 75-664

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 22, 1976

HOFFMAN, *Judge*

OPINION

This contempt proceeding came on for a hearing on January 21, 1976 pursuant to an Order to Show Cause issued against the plaintiff on December 12, 1975. Plaintiff

3

appeared in her own person and through her counsel, Birch, deJongh & Farrelly (Alexander A. Farrelly, Esq., of counsel). Defendant appeared in his own person and through his counsel, Howard K. Gibbs, Esq.

 After due consideration of the testimony presented by the parties, I find the plaintiff, Dorothy Goodman, in complete, knowing and willful contempt of my Interlocutory Order of November 12, 1975. I find that the plaintiff removed the funds of the Certificate of Deposit from Peoples Bank, used the interest thereon to pay school expenses and re-invested the principal in a Certificate of Deposit in a Swiss Bank (whose name the plaintiff refuses to reveal to the Court) in her own name in trust for the two adult and one minor child of the marriage. I find that plaintiff removed the funds from the jurisdiction and deposited them in her own name in trust for her children for the sole purpose of removing the funds from the control of this Court's orders. I find that defendant did not consent to the removal of the funds from the jurisdiction nor did he consent that the funds not be placed in a joint account of the parties. I find the plaintiff in contempt and will allow the plaintiff to purge herself of this contempt by delivering to the Court the proceeds of the Swiss bank certificate of deposit within ten days exclusive of this date. For each day, beginning with February 2, 1976, on which plaintiff fails to deliver such proceeds to the Court, she will be fined the sum of $500.00. Further, plaintiff's right to alimony as spelled out in my November 12, 1975 Order is hereby suspended until she purges herself of contempt.

Plaintiff is ordered not to leave this jurisdiction until the proceeds of the Swiss bank certificate of deposit have been delivered to this Court. Plaintiff is further ordered not to sell, assign or otherwise dispose of any of her real or personal property within this jurisdiction until the

4

proceeds of the Swiss bank certificate of deposit have been delivered to this Court.

The Court assures the plaintiff that the Court will not make any disposition of the proceeds of this certificate of deposit without a full hearing of plaintiff's case before or on the date of trial now scheduled for February 25, 1976 at 9:30 a.m. in Courtroom Number II.

In addition, for plaintiff's willful refusal, without excuse, to answer the Court's inquiry as to the details of the Swiss certificate of deposit, I fine the plaintiff Dorothy Goodman $25. Execution is stayed for 10 days.

Let Judgments enter accordingly.

### JUDGMENT

■ For Dorothy K. Goodman's willful refusal, without claim of right, privilege or excuse, to answer the Court's inquiry at a hearing on January 21, 1976, as to the details of the certificate of deposit in an unnamed Swiss Bank, it is hereby

ORDERED, ADJUDGED, AND DECREED that Dorothy Goodman is guilty beyond a reasonable doubt of contempt of this Court, committed in the presence of this Court and

FURTHER ORDERED, that Dorothy K. Goodman is hereby sentenced to pay a fine of $25.00.

Execution is stayed for ten days.

### JUDGMENT

This contempt proceeding came on for a hearing on January 21, 1976 pursuant to an Order to Show Cause issued against the plaintiff on December 12, 1975. Plaintiff appeared in her own person and through her counsel, Birch, deJongh & Farrelly (Alexander A. Farrelly, Esq., of counsel). Defendant appeared in his own person and through his counsel, Howard K. Gibbs, Esq.

.5

The Court having this day entered its Opinion in this matter, it is hereby

ORDERED, ADJUDGED AND DECREED

That the plaintiff, Dorothy Goodman, is in contempt of this Court's Order of November 12, 1975;

FURTHER, that the plaintiff may purge herself of this contempt by delivery to the Court on or before February 1, 1976 the proceeds of the Certificate of Deposit in the Swiss Bank, which funds were the subject of paragraph 5 of this Court's Interlocutory Order of November 12, 1975;

FURTHER, that should plaintiff fail to deliver said proceeds of the certificate of deposit to the Court on or before February 2, 1976, plaintiff shall be fined the sum of $500.00 and a sum of $500.00 for each day thereafter on which she fails to deliver said proceeds;

FURTHER, that, until such time as plaintiff purges herself of her Contempt of Court, her rights to alimony under the Interlocutory Order dated November 12, 1975, are hereby suspended;

FURTHER, that, until such time as plaintiff purges herself of her contempt of Court, she is hereby ordered not to leave the jurisdiction of this Court and not to sell, assign or otherwise dispose of any of her real or personal property within this jurisdiction.

It is so ordered.